1

2

3

4

5

6                       UNITED STATES DISTRICT COURT

7                       EASTERN DISTRICT OF CALIFORNIA

8

9    CHRIS LANGER,                          No.  2:21-cv-00328-JAM-KJN

10              Plaintiff,

11        v.                                **ORDER GRANTING DEFENDANT'S**
                                            **AMENDED MOTION TO DISMISS**
12   HV GLOBAL GROUP, INC., a
     Delaware Corporation,
13
                Defendant.
14

15        Chris Langer ("Plaintiff" or "Langer") sued HV Global Group,

16   Inc. ("Defendant"), alleging violations of Title III of the

17   Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et*

18   *seq.* and the California Unruh Civil Rights Act ("Unruh Act"),

19   Cal. Civ. Code §§ 51-53.  See Compl., ECF No. 1.

20        Defendant moves to dismiss Plaintiff's claims for lack of

21   standing and for failure to state a claim upon which relief can

22   be granted.  See Amended Mot. to Dismiss ("Amended Mot."), ECF

23   No. 11.  Plaintiff opposes the motion.  See Opp'n, ECF No.  13.

24   Defendants replied.  See Reply, ECF No. 15.  For the reasons set

25   forth below, the Court GRANTS Defendant's motion to dismiss.[1]

26   _____

27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   scheduled for August 24, 2021.

                                    1

1

I.   BACKGROUND

2      Langer suffers from permanent partial hearing loss, for

3  which he uses several assistive listening devices, such as

4  hearing aids or headphones.  Compl. ¶ 1.  Because of his

5  disability, Langer relies on "subtitles and closed captioning to

6  hear audio in recorded content."  Id. ¶ 11.  In February 2021,

7  Langer visited Defendant's website with the root domain

8  "hyattresidenceclub.com/home.html" ("Website") to access

9  information about the Hyatt Residence Club.  Id. ¶¶ 4, 15.  In

10  viewing the website, Langer wished "to confirm the business was

11  open, review any policies regarding customer safety, and look for

12  information about the company and its vacation programs."  Id.

13  ¶ 15.  While perusing the Website, Langer encountered video

14  content without closed captioning, which he alleges "made him

15  unable to fully understand and consume the contents of the

16  videos."  Id. ¶ 16.  As a result, he alleges he was "deterred

17  from further use of the Website" in violation of his rights under

18  the ADA and Unruh Act.  Id. ¶ 17.  Langer filed suit in February

19  2021.  See Compl.

20

21                      II.   OPINION

22      A.   Judicial Notice

23      Federal Rule of Evidence 201 allows the Court to notice a

24  fact if it is "not subject to reasonable dispute," such that it

25  is "generally known" or "can be accurately and readily

26  determined from sources whose accuracy cannot reasonably be

27  questioned."  Fed. R. Evid. 201(b).  The Court must take

28  judicial notice "if requested by a party and supplied with the

2

1  necessary information." Fed. R. Evid. 201(d).  The Court need

2  not, however, take notice of facts that do not provide any

3  additional relevant information.  <u>See</u> <u>Adriana Int'l Corp. v.</u>

4  <u>Thoeren</u>, 913 F.2d 1406, 1410 n.2 (9th Cir. 1990) (declining to

5  take judicial notice of another action "not relevant" to the

6  case); <u>Neylon v. Cty. of Inyo</u>, No. 1:16-CV-0712-AWI-JLT, 2016 WL

7  6834097, at *4 (E.D. Cal. Nov. 21, 2016) ("[I]f an exhibit is

8  irrelevant or unnecessary to deciding the matters at issue, a

9  request for judicial notice may be denied.")

10      Defendant asks the Court to take judicial notice of

11  Plaintiff's past litigation history.  Amended Mot. at 1.

12  Defendant did not, however, supply any information in support of

13  its request, such as a list of the relevant suits.  Instead,

14  Defendant asks the Court to take notice based on Defendant's

15  assertion that Plaintiff has "filed at least 32 lawsuits in both

16  federal and state courts all over California." <u>Id</u>.  This does

17  not satisfy the "necessary information" requirement under

18  Rule 201(d).  Further, an ADA tester's litigation history is not

19  relevant to the merits of his case.  <u>D'Lil v. Best W. Encina</u>

20  <u>Lodge & Suites</u>, 538 F.3d 1031, 1040 (9th Cir. 2008) ("[W]e

21  cannot agree that [plaintiff's] past ADA litigation was properly

22  used to impugn her credibility").  For these reasons, the Court

23  declines to take judicial notice of Plaintiff's litigation

24  history.

25      Plaintiff has requested the Court take judicial notice of

26  relevant pages of Defendant's Website, submitted as Exhibits 1-

27  3.  <u>See</u> Pl.'s Req. for Judicial Notice ("RJN"), ECF No. 14.

28  Websites and their contents are proper subjects for judicial

1   notice.  Threshold Enterprises Ltd. v. Pressed Juicery, Inc.,

2   445 F.Supp.3d 139, 146 (N.D. Cal. 2020).  The Court may also

3   consider documents attached to the complaint or documents that

4   the complaint necessarily relies upon.  United States v.

5   Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  Thus, the Court

6   grants Plaintiff's request for judicial notice of Exhibits 1-3.

7       B.   Legal Standard

8       Federal Rule of Civil Procedure 12(b)(1) governs a motion

9   to dismiss for lack of standing, as standing pertains to a

10  federal court's subject matter jurisdiction under Article III.

11  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  Under

12  Rule 12(b)(1), when the Court finds a lack of Article III

13  standing, the Court must dismiss for lack of subject matter

14  jurisdiction.  Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th

15  Cir. 2011).  Defendant argues that Plaintiff failed to assert

16  allegations sufficient on their face to invoke federal

17  jurisdiction.  Amended Mot. at 7.  This constitutes a facial

18  attack under Rule 12(b)(1).  White, 227 F.3d at 1242.  To rule

19  on a facial attack, the Court "must assume the allegations in

20  the complaint are true and draw all reasonable inferences in the

21  plaintiff's favor." Ryan v. Salisbury, 382 F. Supp. 3d 1062,

22  1073 (D. Haw. 2019) (citing Wolfe v. Strankman, 392 F.3d 358,

23  362 (9th Cir. 2004)).  Because Plaintiff is the party asserting

24  federal subject-matter jurisdiction, he has the burden of

25  establishing its existence.  Kokkonen v. Guardian Life Ins. Co.

26  of Am., 511 U.S. 375, 377, (1994).

27      C.   Standing Under the ADA

28      Defendant moves to dismiss Plaintiff's complaint for lack

4

1  of standing under the ADA.  Because standing is a "threshold

2  question" in "determining the power of the court to entertain

3  the suit," the Court addresses this issue first.  <u>Warth v.</u>

4  <u>Seldin</u>, 422 U.S. 490, 498 (1975).  To establish standing, a

5  plaintiff must show he "(1) suffered an injury in fact, (2) that

6  is fairly traceable to the challenged conduct of the defendant,

7  and (3) that is likely to be redressed by a favorable judicial

8  decision."  <u>Spokeo, Inc. v. Robins</u>, 136 S. Ct. 1540, 1547,

9  (2016).

10      In ADA claims, the only remedy available to the plaintiff

11  is injunctive relief, and Article III standing for injunctive

12  relief requires the plaintiff to establish a "real and immediate

13  threat of repeated injury."  <u>Fortyune v. Am. Multi-Cinema, Inc.</u>,

14  364 F.3d 1075, 1081 (9th Cir. 2004).  In the Ninth Circuit, an

15  ADA plaintiff may establish standing "either by demonstrating

16  deterrence, or by demonstrating injury-in-fact coupled with an

17  intent to return to a noncompliant facility."  <u>Chapman v. Pier 1</u>

18  <u>Imports (U.S.) Inc.</u>, 631 F.3d 939, 944 (9th Cir. 2011).  When a

19  plaintiff alleges "an ADA violation based on unequal access to a

20  'service' of a place of public accommodation, courts have held

21  that a plaintiff must allege that there is a 'nexus' between the

22  challenged service and the place of public accommodation."

23  <u>Nat'l Fed'n of the Blind v. Target Corp.</u>, 452 F.Supp.2d 946, 952

24  (N.D. Cal. 2006).

25      A website is a type of service that may be offered by a

26  public accommodation, and, as a service, a website is not a

27  place of public accommodation without some nexus to a physical

28  location where goods and services are offered to the public.

5

1  <u>Id</u>.  Thus, for accessibility barriers on a website to form the
2  basis of ADA standing, that website must have "connect[ed]
3  customers to the goods and services of [the defendant's]
4  physical [locations]."  <u>Robles v. Domino's Pizza, LLC</u>, 913 F.3d
5  898, 905-06 (9th Cir. 2019) (discussing how the alleged
6  inaccessibility of Domino's website and app impeded access to
7  the goods and services of its physical pizza franchises.); <u>See</u>
8  <u>also</u> <u>Nat'l Fed'n of the Blind</u>, 452 F.Supp.2d at 955 (where
9  "plaintiffs have alleged that the inaccessibility of Target.com
10 denies the blind the ability to enjoy the services of Target
11 stores.")  A plaintiff who does not allege a connection between
12 an inaccessible website and a physical location does not have
13 standing under the ADA.  <u>See</u> <u>Brooks v. See's Candy</u>, No. 2:20-cv-
14 01236-MCE-DB, 2021 WL 3602153, at *11 (E.D. Cal. Aug. 12, 2021)
15 (holding plaintiff failed to state an ADA claim because she
16 failed to "identify any comparable integration between the See's
17 website and its physical stores.").

18      Defendant argues Plaintiff has failed to do exactly that.
19 Defendant points out that "Plaintiff makes no attempt to allege
20 that he was trying to access a service of a physical location."
21 Amended Mot. at 7-8.  Plaintiff objects to this
22 characterization, pointing to Paragraph 14 of his complaint,
23 which states, "[he] was a prospective customer who wished to
24 access Defendant's goods and services."  Opp'n. at 6; Compl.
25 ¶ 14.  Plaintiff's allegation, however, does not specify that he
26 wished to access the goods and services of a physical location.
27 Rather, his contentions about accessibility are limited to
28 Defendant's Website.  In Plaintiff's own words, he contends that

1    "[i]f the Website had been constructed equally accessible to all

2    individuals, Plaintiff would have been able to navigate the

3    website [sic] and avail himself of its goods and/or services."

4    Compl. ¶ 24 (emphasis added).  Thus, to the extent Plaintiff

5    alleged he wished to access goods and services, they were the

6    goods and services of Defendant's Website.  Without more,

7    Plaintiff's allegations that he could not access certain parts

8    of Defendant's Website because of the lack of closed captioning

9    is not sufficient to allege standing under the ADA.

10        As a result, Plaintiff lacks standing because he has not

11   sufficiently alleged that he was deterred from a place of public

12   service or demonstrated an injury-in-fact coupled with an intent

13   to return to the noncompliant facility.  Accordingly,

14   Plaintiff's ADA claim is dismissed without prejudice.  See

15   Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th

16   Cir. 1003).[2]

17        D.   Unruh Act Claim

18        The only remaining claim is Plaintiff's state law Unruh Act

19   claim.  Having dismissed Plaintiff's only federal claim for lack

20   of subject matter jurisdiction, the Court declines to exercise

21   supplemental jurisdiction and dismisses the state law claim.

22   Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 806

23   (9th Cir. 2001).  Accordingly, Plaintiff's Unruh claim is

24   dismissed without prejudice.  See Eminence Capital, LLC, 316

25   F.3d at 1052.

26   ///

27

28   [2] Because the Court finds dismissal is warranted under 12(b)(1),
     it does not address Defendant's 12(b)(6) arguments.

7

1

2                    III.   SANCTIONS

3      This Court issued its Order re Filing Requirements ("Filing

4  Order") on February 22, 2021.  ECF No. 3-2.  The Filing Order

5  limits reply memoranda to five pages.  Filing Order at 1.  The

6  Filing Order also states that an attorney who exceeds the page

7  limit must pay monetary sanctions of $50 per page.  Id.

8  Defendant exceeded the Court's five-page limit on reply

9  memoranda by two pages.  See Reply.  The Court therefore ORDERS

10 Defendant's counsel to pay $100.00 to the Clerk for the Eastern

11 District of California no later than seven days from the date of

12 this Order.

13

14                    IV.   ORDER

15     For the reasons set forth above, the Court DISMISSES WITHOUT

16 PREJUDICE Plaintiff's claims under the ADA and Unruh Civil Rights

17 Act.  If Plaintiff elects to amend his complaint with respect to

18 these claims, he must do so within twenty (20) days of this

19 Order.  Defendant's responsive pleading is due twenty (20) days

20 thereafter.

21     IT IS SO ORDERED.

22 Dated: October 12, 2021

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE